

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*United States District Courthouse*
*300 Quarropas Street*
*White Plains, New York 10601*

January 6, 2022

**BY ECF & EMAIL**
The Honorable Vincent Briccetti
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

   **Re:**  *United States v. Keith Glover,* **S2 20 Cr. 444 (VB)**

Dear Judge Briccetti:

  The Government respectfully submits this letter in advance of the sentencing of the defendant, Keith Glover ("Glover"), currently scheduled for January 13, 2022 at 11:30 a.m. As described below, Glover participated in a conspiracy that distributed crack cocaine, powder cocaine, heroin, and fentanyl in and around Middletown, New York and eastern Ulster County, New York. In light of the Department of Justice's ("DOJ") recent statements in support of the EQUAL Act, S. 79, the Government respectfully submits that a below-Guidelines sentence of more than 18 months', but less than 24 months', imprisonment is appropriate in this case, and would be sufficient but not greater than necessary to reflect the seriousness of Glover's conduct, to promote respect for the law, to ensure adequate general and specific deterrence, and to avoid unwarranted sentencing disparities among the defendants in this case.

  **A.  Factual Background**

  From at least in or about July 2019 until in or about August 2020, Glover was a member of a narcotics distribution conspiracy that operated in and around Middletown and Ulster County. PSR ¶¶ 12, 14. Glover was a street-level dealer of crack cocaine, powder cocaine, heroin and fentanyl, which he sourced primarily from co-defendants Frank Brown, a/k/a "Nitty," and Pedro Rainey, a/k/a "P," a/k/a "Super Model P." PSR ¶ 14. Over the course of the investigation of this conspiracy, law enforcement conducted approximately eight controlled purchases of narcotics from Glover. PSR ¶ 14. Glover was personally involved in the sale of at least 7.641 grams of crack cocaine, 3.451 grams of powder cocaine, 0.151 grams of heroin, and 0.141 grams of fentanyl, pocketing at least $1,460 in the process. PSR ¶¶ 14, 108.

  On March 8, 2021, Glover was indicted for participating in a conspiracy to distribute 280 grams and more of mixtures and substances containing a detectable amount of crack cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A) & 846, and mixtures and substances containing a detectable amount of powder cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(C) & 846. On March 19, 2021, Glover was arrested in the Northern District of New York and detained. On April 29, 2021, Glover

was presented before United States Magistrate Judge Andrew E. Krause, and Glover's detention was continued.

On August 18, 2021, the Court sentenced Glover's co-defendant, Raymond Brown, to 28 months' imprisonment. PSR ¶ 7. Brown was personally involved in the sale of slightly more narcotics than Glover, PSR ¶ 20, over slightly more controlled purchases—ten to Glover's eight. PSR ¶ 14.

On August 25, 2021, Glover pleaded guilty, pursuant to a plea agreement, before the Court.

**B. Discussion**

   **1. Applicable Law**

As the Court is well aware, the Sentencing Guidelines still provide strong guidance to sentencing courts following *United States v. Booker*, 543 U.S. 220 (2005), and *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005). Because the Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions," *Gall v. United States*, 128 S. Ct. 586, 594 (2007), district courts must treat the Guidelines as the "starting point and the initial benchmark" in sentencing proceedings. *Id.* at 596. After that calculation, however, the Court must consider the factors outlined in Title 18, United States Code, Section 3553(a), which include the nature and circumstances of the offense, the individual characteristics of the defendant, the need to adequately deter criminal conduct and promote respect for the law, and the need to avoid unwarranted sentencing disparities. *Id.* at 50 & n.6.

   **2. A Below-Guidelines Sentence Of More Than 18 Months', But Less Than 24 Months', Imprisonment Is Appropriate In This Case**

The Government respectfully submits that a below-Guidelines sentence of more than 18 months', but less than 24 months', imprisonment is appropriate in this case. In particular, the nature and circumstances of the offense and the need to promote respect for the law, assure both general and specific deterrence, and avoid unwarranted sentencing disparities among the defendants in this case all justify such a sentence.

It bears noting at the outset that, as the Court is aware, on June 22, 2021, DOJ provided public testimony in support of the EQUAL Act, S.79. This proposed legislation would eliminate the powder-to-cocaine base sentencing disparity in 21 U.S.C. §§ 841 and 960. Although DOJ supports elimination of the powder-to-cocaine base disparity, until legislation to that effect is passed, the current statutory and guidelines provisions remain in effect. In this case, the amount of cocaine base attributable to Glover's criminal conduct is approximately 7.641 grams, which, in combination with the other relatively small quantities of other narcotics Glover sold, results in a current base offense level of 16 and a current Guidelines sentencing range of 24 to 30 months' imprisonment, as set forth in the PSR. If the powder cocaine Guidelines were instead applied to the same amount of cocaine base, the base offense level would be 10, and the Guidelines sentencing range would be 8 to 14 months' imprisonment. The Court can and should, consistent

Case 7:20-cr-00444-VB   Document 158   Filed 01/06/22   Page 3 of 4

Page 3

with the law and current sentencing framework, consider the powder-to-cocaine base disparity in assessing the Section 3553(a) factors. *See Kimbrough v. United States*, 552 U.S. 85, 106-08 (2007); *United States v. Cavera*, 550 F.3d 180, 191-92 (2d Cir. 2008) (*en banc*). Based on consideration of the powder-to-cocaine base disparity and all the relevant factors under Section 3553(a) as set forth below, the Government believes that a below-Guidelines sentence of more than 18 months', but less than 24 months', imprisonment is appropriate in this case.

With respect to the Section 3553(a) factors, the Government notes first that the nature of Glover's offense is serious. Glover personally possessed and sold crack cocaine, powder cocaine heroin, and fentanyl, all of which are highly addictive and toxic substances that wreak havoc on communities. PSR ¶ 21. As noted above, law enforcement conducted approximately eight controlled purchases of narcotics from Glover. PSR ¶ 14. Thus, a sentence of more than 18 months', but less than 24 months', imprisonment is justified on these grounds.

Second, Glover has a fairly substantial criminal history for someone of his age, which reflects a general disrespect for the law and thus presents a clear risk of recidivism. Glover has seven criminal history points from three convictions, which puts him in Criminal History Category IV. PSR ¶ 43.

In terms of his prior convictions, in 2011, Glover was convicted of stealing a gun, and was sentenced to one to three years' imprisonment. PSR ¶ 40. During his incarceration, he was disciplined five times over just a few months, including for violent conduct. PSR ¶ 40. In 2014, Glover was convicted of selling heroin and was sentenced to 30 months' imprisonment. PSR ¶ 41. After being released, his parole was revoked not once, but twice. PSR ¶ 41. During his multiple stints of incarceration between 2014 and 2018, he was disciplined 14 times, including for possessing drugs and violence. PSR ¶ 41. In 2020, Glover was convicted of offensive touching, following an incident where he hit his apparently pregnant wife. PSR ¶ 42. Glover thus has a documented history of both violence and narcotics dealing that should trouble the Court.

In terms of other reported criminal conduct, in October 2020, Glover was arrested for, among other things, obstructing governmental administration, following an incident in which he is alleged to have threatened a law enforcement officers and resisted arrested. PSR ¶ 46. All of this conduct, including the instant conduct, signals a general disrespect for the law, and should create real concern about Glover's ability to be deterred. A sentence of more than 18 months', but less than 24 months', imprisonment would also send a signal to those similarly situated that such conduct will not be tolerated.

Third, although the Government sympathizes with Glover's difficult upbringing and mental health struggles, it nonetheless remains a fair question whether Glover has truly learned his lesson and will live a law-abiding life going forward. Glover claims that he is motivated to support his children through legitimate means from now on, but his children seem to have had no meaningful deterrent effect on him in the past. Nor does his tumultuous relationship with his wife inspire much confidence that she will be a source of moral suasion.

Fourth, a sentence of more than 18 months', but less than 24 months', imprisonment would avoid unwarranted sentencing disparities among the defendants in this case. As noted above,

Raymond Brown—whose participation in the conspiracy was only slightly more significant than Glover's—was sentenced by the Court to 28 months' imprisonment. PSR ¶ 7. Even though Brown's criminal history stretches back approximately 30 years, and includes multiple narcotics convictions, his Criminal History Category (III) is actually lower than Glover's (IV). This is a reflection of Glover's ongoing criminal conduct from his late teens through his 20's (he is currently 30), PSR ¶¶ 40-46, whereas, at the time Brown (who is 49) was convicted in this matter, he had not been convicted of crime since 2005. This meant that much of Brown's criminal past did not count against him directly. Thus, while Brown is arguably more culpable in terms of his conduct in this case, there is also an argument (which Brown made) that his conduct was an unfortunate step backwards after many years of staying out of trouble. With Glover, his conduct in this case is part of an unbroken pattern of arguably escalating (or at least unwavering) criminal conduct. The Court should weigh this factor in imposing sentence.

**C. Conclusion**

For the reasons set forth above, the Government respectfully requests that the Court impose a sentence of more than 18 months', but less than 24 months', imprisonment.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

by: _____
Benjamin Gianforti
Assistant United States Attorney
(646) 856-5190

cc:   Sam Braverman, Esq., counsel to Keith Glover (by ECF & email)